```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUAN CENTENO and
MARTHA MAE YOUNG CENTENO,

                         Plaintiffs,            05-CV-6489T

             v.                                 DECISION
                                                and ORDER
YOLUNDA¹

                         Defendant
_____
```

## INTRODUCTION

Plaintiffs Juan Centeno and Martha Mae Young Centeno, proceeding pro se, bring this action against defendant Yolonda Casselman ("Casselman") claiming that they were discriminated against on the basis of their race in connection with their request for housing assistance from the Newark, New York, Housing Authority. Specifically, the plaintiffs contend that they were laughed at when they attempted to obtain housing assistance, and told that no emergency or public housing was available despite plaintiff's belief that housing was available.

Defendant, denies plaintiffs' claims and moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment dismissing the Amended Complaint. Defendant contends that plaintiffs were not provided with emergency housing because the Newark Housing Authority does provide such housing; that the

---

¹ Although the defendant is identified only as "Yolunda" in the Amended Complaint, the full name of the defendant is Yolonda Casselman.

plaintiffs were not provided with public housing because there is a waiting list in Newark for such housing; that the plaintiff's were provided with vouchers to subsidize private housing, but that plaintiffs were unable to find housing that they could afford, and finally, that she did not engage in any disrespectful behavior towards the plaintiffs.  Plaintiffs oppose the defendant's motion on grounds that the allegations contained in their Amended Complaint are true.

For the reasons set forth below, I grant defendant's motion for summary judgment, and dismiss plaintiffs' Amended Complaint.

BACKGROUND

As best as can be discerned from the record[2], the plaintiffs in this action moved from Florida to New York in 2005.  Plaintiff Juan Centeno is from Puerto Rico, and his wife Martha Mae Young Centeno is African-American.  Upon arriving in New York, the plaintiffs sought housing assistance from the Newark Housing

---

[2] Plaintiffs' Amended Complaint, which was filed in response to this Court's Order directing Amendment, provides little information about the nature of the plaintiffs' allegations.  The sole allegation of the Amended Complaint claims:

> This is what they did[:] laugh[ed] and said [they] did not have anything available and that they had a waiting list and the secretary kept telling us that the supervisor was not in. Come next Tuesday, the Hous[ing] Authority did not respect our voucher that that we b[r]ought from Florida. They had plenty [of] house[s] available.

The record includes excerpts from the plaintiffs' telephonic depositions, and the Court relies on that testimony to help clarify plaintiffs' claims.

Authority. According to the plaintiffs, the Housing Authority did not provide them with emergency housing, informed them that there was a waiting list for public housing, and asked them to return at a latter date to get vouchers which could be used to subsidize private housing. Plaintiffs contend that they were denied housing despite the fact there were unoccupied public housing units available. Plaintiffs further contend that they were discriminated against on the basis of their race because they could think of no other reason why they would have been denied emergency housing, or shelter in public housing.

The plaintiffs apparently did obtain emergency housing, but they were unsatisfied with the condition of the housing. They returned to the Newark Housing Authority, and according to the plaintiffs, upon their arrival, they observed staff members laughing, which they believed was directed at them. Although the plaintiffs obtained vouchers for subsidized housing, they were unable to find affordable housing in Newark, and instead looked for such housing in Geneva, New York. According to the plaintiffs, Casselman was not present at this second meeting, and though the plaintiffs could not specifically recall when they met with Casselman, the plaintiffs acknowledge that they only spoke with her briefly on one occasion. The plaintiffs ultimately obtained subsidized, private housing in Geneva, New York, and lived there

for approximately one month before returning to Florida, where they currently reside.

## DISCUSSION

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought. Gallo v. Prudential Residential Services, 22 F.3d 1219, 1223 (2d Cir. 1994). If, after considering the evidence in the light most favorable to the non-moving party, the Court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. Id. at 1224.

To establish a case of housing discrimination based on race under the Fair Housing Act, the plaintiff must demonstrate that racial "animus against the protected group 'was a significant factor in the position taken'" by the defendant. LeBlanc-Sternberg v. Fletcher, 67 F.3d 412, 425 (2nd Cir., 1995)(quoting United States v. Yonkers Board of Education, 837 F.2d 1181, 1217, 1223, 1226 (2d Cir.1987)). In this case, however, plaintiffs have failed to establish that any adverse act was taken against them and have

failed to establish that any act taken against them was motivated by a discriminatory animus.

The uncontroverted evidence in the record reveals that the Newark Housing Authority does not administer emergency housing, and therefore, as a matter of law, defendant was unable to discriminate against plaintiffs by failing to place them in emergency housing. It is further uncontroverted that public housing administered by the Newark Housing Authority is not available for emergency housing, and therefore, defendant could not have placed plaintiffs in public housing on an emergency basis.  Defendant has provided uncontested evidence that there is a waiting list for public housing in Newark, that plaintiffs were placed on the waiting list, and that once the plaintiffs became eligible for public housing in Newark, they were no longer interested in such housing because they had returned to Florida.

The uncontested evidence further reveals that plaintiffs received vouchers from the Newark Housing Authority for housing subsidies, but that they were unable to find acceptable housing arrangements.  Finally, the uncontested evidence reveals that the plaintiffs met with the defendant on only one occasion and only for a brief period.  There is no evidence, nor is there even an allegation, that the defendant did or said anything in this brief meeting that was discriminatory or indicative of a discriminatory

animus.  Accordingly, I find that plaintiff has failed to state any claim for housing discrimination.

## CONCLUSION

For the reasons set forth above, I hereby grant defendant's Motion for Summary Judgment, and dismiss plaintiff's Complaint with prejudice.  Further, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  Coppedge v. United States, 369 U.S. 438(1962).  Any request to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

 MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         April 2, 2008